W. Neckers; Reginald M. Turner, Jr.; Thomas K. Byerley; Michigan Secretary of State; Candice S. Miller, Defendants–Appellees.

No. 00–1495.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Linda Ann HELDT, Plaintiff,

Douglas Dwight Bennett, Plaintiff–Appellant,

v.

Julie A. NICHOLSON; Ralph H. Nelson; State Bar of Michigan; Lawyers Political Action Committee; Alfred M. Butzbaugh; Thomas J. Ryan; Bruce

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

Douglas Dwight Bennett, a Michigan resident proceeding pro se, appeals a district court order imposing sanctions against him pursuant to Fed.R.Civ.P. 11 for filing a frivolous action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 3, 1999, Bennett and Linda Ann Heldt filed a complaint against two Michigan state court judges, the state bar of Michigan and several of its officers, the Lawyers Political Action Committee, and the Michigan Secretary of State. The complaint essentially challenged decisions made by the two state court judges, which refused to allow Bennett to represent Heldt in state court proceedings because Bennett is not a licensed attorney. On September 9, 1999, the district court dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) and instructed the defendants to submit statements of the attorney fees and costs they incurred as a result of the proceeding. On appeal, this court affirmed the district court's dismissal of the complaint and invited the defendants to submit their bills of costs and attorney fees "[d]ue to the frivolity of [the] appeal." *Heldt v. Nichol-*

*son,* No. 99–2120, 2000 WL 1176879, at *2 (6th Cir. Aug. 10, 2000) (unpublished order).

While the appeal of the underlying action was pending, the district court ordered Bennett to pay sanctions in the total amount of $6,429 to the defendants for filing a frivolous action. It is from this order imposing sanctions that Bennett now appeals. Heldt did not join in the instant appeal. Bennett has filed a motion to dismiss the state bar of Michigan's "action for sanctions," to which the state bar has responded. Bennett has also filed two motions requesting this court to certify certain questions to the United States Supreme Court.

We review a district court's imposition of sanctions under Fed.R.Civ.P. 11 for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378, 384 (6th Cir.1997); *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997). An abuse of discretion occurs if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. 2447. A district court has the authority to impose sanctions "[o]n its own initiative." Fed.R.Civ.P. 11(c)(1)(B); *see also Ridder,* 109 F.3d at 297 n. 8. When considering the imposition of Fed.R.Civ.P. 11 sanctions, the court should determine " 'whether the individual's conduct was reasonable under the circumstances.' " *Union Planters Bank,* 115 F.3d at 384 (quoting *Lemaster v. United States,* 891 F.2d 115, 118 (6th Cir.1989)).

■ Upon review, we conclude that the district court did not abuse its discretion in

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

imposing sanctions against Bennett. *See Cooter & Gell*, 496 U.S. at 405, 110 S.Ct. 2447; *Union Planters Bank*, 115 F.3d at 384; *Ridder*, 109 F.3d at 293. Bennett filed a claim that he knew was frivolous and not warranted under existing law. Approximately one month prior to filing the instant action, this court rejected Bennett's appeal in a case raising an identical issue. *Neilson v. State of Mich.*, No. 98–1317, 1999 WL 313854 (6th Cir. May 3, 1999) (unpublished order). Despite the fact that his previous suit had been unsuccessful, Bennett persisted in his pursuit of a claim that he knew or should have known lacked merit. Given the fact that Bennett's claim had been rejected in a prior suit, Bennett's initiation of the instant action raising an identical claim was unreasonable and without foundation. Bennett's suit forced the defendants to expend time and money in order to defend a meritless action. Under these circumstances, Bennett's behavior warranted the imposition of sanctions.

■ To the extent that Bennett contends that he was denied the right to a jury trial with regard to the imposition of sanctions, his argument is without merit. Federal Rule of Civil Procedure 11 permits a court to impose sanctions on its own initiative. A jury trial is not required. *See Union Planters Bank*, 115 F.3d at 385 ("imposition of sanctions without a full evidentiary hearing did not violate due process").

Accordingly, Bennett's motions to dismiss the "action for sanctions" and to certify questions to the United States Supreme Court are denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.